# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| JOHN DOE, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>NORTH STATE AVIATION, LLC<br><br>Defendant. | Case No.<br><br>**JURY TRIAL DEMANDED**<br><br>**CLASS ACTION** |

## CLASS ACTION COMPLAINT

Plaintiff John Doe,[1] individually and on behalf of all others similarly situated, alleges as follows:

## PRELIMINARY STATEMENT

1. This case arises out of North State Aviation, LLC's ("North State Aviation" or "Defendant") failure to provide its workers with the 60-day advance notification required under the federal Worker Adjustment and Retraining Notification Act (the "WARN Act"), codified at 29 U.S.C. § 2101 *et seq*.

---

[1] Plaintiff is utilizing a pseudonym in this litigation to protect his privacy. He was recently laid off by Defendant and is currently searching for employment in the aviation industry in the same geographic area.

1

2. On March 22, 2017, Defendant terminated the employment of 345 employees at its plant in Winston-Salem, North Carolina (the "Facility"). In violation of the WARN Act, Defendant provided Plaintiff and the putative Class less than 24 hours' notice that their employment was being terminated.

3. Through this action, Plaintiff and other similarly situated employees of Defendant seek recovery of damages in the amount of sixty (60) days' pay and benefits under the WARN Act, as well as civil penalties as set forth below.

## THE PARTIES

4. Plaintiff is a former employee who worked at Defendant's Facility. Plaintiff's employment was terminated, along with approximately 345 other employees on March 22, 2017.

5. Defendant North State Aviation, LLC is a North Carolina limited liability company with its principal place of business at 4001 N. Liberty Street, Winston Salem, North Carolina.

## JURISDICTION AND VENUE

6. This Court has federal question subject matter jurisdiction pursuant to 28 U.S.C. § 1331, as this case is being brought under the WARN Act, 29 U.S.C. § 2101 *et seq*.

7. Venue is proper in this District because the Facility where Plaintiff

2

Case 1:17-cv-00346-CCE-LPA   Document 1   Filed 04/12/17   Page 2 of 14

and the putative Class were employed is located in this District, and a substantial part of the events giving rise to Plaintiff's claims occurred in this District.

## FACTUAL BACKGROUND

8. Plaintiff began working for Defendant in April 2013.

9. On March 22, 2017, Plaintiff was informed his employment was being terminated by Defendant along with 344 of his colleagues.

10. Also on March 22, 2017, Defendant filed a "WARN Notice" with the North Carolina Department of Commerce and indicated the effective date of the terminations was March 22, 2017.[2]

11. At the time of termination, Plaintiff's job title was aircraft inspector and Plaintiff was paid an hourly wage of $21.50. Plaintiff worked approximately 40 hours a week, and was paid overtime wages for all hours worked in excess of 40 hours a week at one and a half his hourly rate. Along with his wages, Plaintiff received dental insurance, vision insurance, a 401(k) plan, short-term disability insurance, long-term disability insurance, life insurance, and vacation pay.

12. Defendant also offers health insurance to its employees.

13. Around approximately 2:00 p.m. on March 22, 2017, Plaintiff and other workers were called into a meeting with Defendant's management team. At

---

[2] *See* https://www.nccommerce.com/Portals/11/Documents/Reports/WARN/warn.pdf (last visited Apr. 12, 2017).

this time, Plaintiff was informed that Defendant was permanently ceasing operations and shutting down its plant, resulting in the loss of employment for 345 people. A small group of individuals were employed for an additional week in order to wrap operations, but Plaintiff was not included in this group.

14. Gary Smith, the CEO of North State Aviation, stated that North State Aviation had encountered an "unforeseeable significant downturn in business" that caused the closing.

15. Upon information and belief, and information received by members of the putative class, Defendant still had weeks' worth of aircraft to work on from United Airlines and from Swift Airlines. The decision to close the Facility was only made after Defendant approached United Airlines seeking additional contracts but was turned down.

16. At no time prior to the meeting with Defendant's management was Plaintiff or other putative Class members advised by Defendant that their employment was being terminated.

17. Plaintiff's employment, wages, and benefits were terminated effective March 22, 2017. Plaintiff was not given a severance package upon the termination of his employment.

18. Plaintiff was informed he would not be paid any additional wages other than those for days he had worked prior to, and including, March 22, 2017.

4

# CLASS ACTION ALLEGATIONS

19. Plaintiff brings his claims under Rules 23(a), (b)(1), (b)(2) and (b)(3) of the Federal Rules of Civil Procedure and the WARN Act under 29 U.S.C. § 2104(a)(5), individually and on behalf of the following Classes:

> All persons employed at Defendant's Facility whose employment was involuntarily terminated on or about March 22, 2017 without receiving sixty (60) days' written notice before the date of termination of employment.

20. Excluded from the above Class is: (1) any entity in which Defendant has a controlling interest; (2) officers or directors of Defendant; (3) this Court and any of its employees assigned to work on the case; and (4) all employees of the law firms representing Plaintiff and the Class.

21. **Numerosity (Federal Rule of Civil Procedure 23(a)(2))** – The members of the Class are so numerous that a joinder of all members would be impracticable. While the exact number of the members of the Class is presently unknown to Plaintiff, and can only be determined through appropriate discovery, Plaintiff believes that the Class is equal to or over 345 members.

22. Upon information and belief, Defendant has databases, and/or other documentation identifying those employees whose employment was terminated on or about March 22, 2017 as part of the mass layoff. Further, the Class definition identifies unnamed plaintiffs by describing a set of common

5

characteristics sufficient to allow a member of that group to identify him or herself as having a right to recover. Other than by direct notice by mail or email, alternatively proper and sufficient notice of this action may be provided to the Class members through notice published in newspapers or other publications.

23. **<u>Commonality (Federal Rule of Civil Procedure 23(a)(2))</u>** – This action involves common questions of law and fact. These common questions of law and fact take precedence over those questions that may only affect individual Class members. The questions of law and fact common to both Plaintiff and the Class members predominate over any individualized issues, and include, but are not limited to, the following:

    a. Whether Defendant was an employer under the WARN Act;

    b. Whether all Class members were employees under the WARN Act;

    c. Whether all Class members' employment location is a covered facility under the WARN Act;

    e. Whether Defendant gave at least sixty (60) days advance written notice to the Class members, as required by the WARN Act; and

    f. Whether Defendant failed to pay the Class members wages and to provide other employee benefits for the 60-day period following their terminations.

24. **Typicality (Federal Rule of Civil Procedure 23(a)(3))** – Plaintiff's claims are typical of all of the members of the Class. The evidence and the legal theories regarding Defendant's alleged wrongful conduct are substantially the same for Plaintiff and all of the Class members, as Plaintiff was an employee at Defendant's Facility and Plaintiff's employment was terminated without proper notice on or about March 22, 2017.

25. **Adequacy (Federal Rule of Civil Procedure 23(a)(4))** – Plaintiff will fairly and adequately protect the interests of the Class members. Plaintiff has retained competent counsel experienced in class action litigation to ensure such protection. There are no material conflicts between the claims of the representative Plaintiff and the members of the Class that would make class certification inappropriate. Plaintiff and his counsel intend to prosecute this action vigorously.

26. **Predominance and Superiority (Federal Rule of Civil Procedure 23(b)(3))** –The common questions of law or fact identified herein and to be identified through discovery predominate over questions that may affect only individual Class members. Further, the class action is superior to all other available methods for the fair and efficient adjudication of matter. Because the injuries suffered by the individual Class members may be relatively small, the expense and burden of individual litigation would make it virtually impossible for

7

Plaintiff and Class members to individually seek redress for Defendant's wrongful conduct. Even if any individual person or group(s) of Class members could afford individual litigation, it would be unduly burdensome to the courts in which the individual litigation would proceed. The class action device is preferable to individual litigation because it provides the benefits of unitary adjudication, economies of scale, and comprehensive adjudication by a single court. In contrast, the prosecution of separate actions by individual Class members would create a risk of inconsistent or varying adjudications with respect to individual Class members that would establish incompatible standards of conduct for the party (or parties) opposing the Class and would lead to repetitious trials of the numerous common questions of fact and law. Plaintiff knows of no difficulty that will be encountered in the management of this litigation that would preclude its maintenance as a class action. As a result, a class action is superior to other available methods for the fair and efficient adjudication of this controversy. Absent a class action, Plaintiff and the Class members will continue to suffer losses, thereby, allowing these violations of law to proceed without remedy and allowing Defendant to retain the proceeds of their ill-gotten gains.

27. Plaintiff contemplates the eventual issuance of notice to the proposed Class members setting forth the subject and nature of the instant action. Upon information and belief, Defendant's own business records and electronic media

can be utilized for the contemplated notices. To the extent that any further notices may be required, Plaintiff would contemplate the use of additional media and/or mailings.

28. The matter is properly maintained as a class action pursuant to Rule 23(b) of the Federal Rules of Civil Procedure, in that:

    a. Without class certification and determination of declaratory, injunctive, statutory and other legal questions within the class format, prosecution of separate actions by individual members of the Class will create the risk of:

        1) Inconsistent or varying adjudications with respect to individual members of the Class which would establish incompatible standards of conduct for the parties opposing the Class; or

        2) Adjudication with respect to individual members of the Class which would as a practical matter be dispositive of the interests of the other members not parties to the adjudication or substantially impair or impede their ability to protect their interests;

    b. The parties opposing the Class have acted or refused to act on grounds generally applicable to each member of the Class, thereby making appropriate final injunctive or corresponding declaratory relief with respect to the Class as a whole; or

c. Common questions of law and fact exist as to the members of the Class and predominate over any questions affecting only individual members, and a Class Action is superior to other available methods of the fair and efficient adjudication of the controversy, including consideration of:

1) The interests of the members of the Class in individually controlling the prosecution or defense of separate actions;

2) The extent and nature of any litigation concerning controversy already commenced by or against members of the Class;

3) The desirability or undesirability of concentrating the litigation of the claims in the particular forum; and

4) The difficulties likely to be encountered in the management of a class action.

## FIRST CLAIM FOR RELIEF

## VIOLATION OF THE FEDERAL WARN ACT

29. Plaintiff incorporates by reference the allegations in the preceding paragraphs.

30. At all times material herein, Plaintiff, and similarly situated persons, have been entitled to the rights, protections, and benefits provided under the Federal WARN Act, 29 U.S.C. § 2101 *et. seq.*

31. Plaintiff and members of the Class are "affected employees" of

Defendant within the meaning of 29 U.S.C. §2101(a)(5).

32. Defendant was an "employer" as that term is defined in 29 U.S.C. § 210l(a)(l) and 20 C.F.R. § 639.3(a) and continues to operate as a business.

33. On March 22, 2017, Defendant engaged in a "mass layoff" at the Facility, as that term is defined in 29 U.S.C. § 2101(a)(3).

34. The mass layoff at the Facility resulted in "employment losses," as that term is defined by 29 U.S.C. § 2101(a)(3), for at least 50 employees constituting at least of 33% of the employees at the Facility.

35. Plaintiff and each of the other members of the Class had their employment terminated without cause.

36. Defendant failed to give Plaintiff and other members of the Class written notice that complied with the requirements of the Federal WARN Act.

37. Plaintiff and each of the other Class members are "aggrieved employees" of Defendant, as that term is defined in 29 U.S.C. §2104(a)(7).

38. Defendant failed to pay Plaintiff and each of the Class members their respective wages, salary, commissions, bonuses, accrued holiday pay, accrued retirement benefits, and accrued vacation pay for 60 days following notice of their terminations.

39. Plaintiff and the Class have been injured as a result of Defendant's WARN Act violations.

40. As a result of Defendant's violations of the Federal WARN Act, Plaintiff and the Class are entitled to back pay for each day of Defendant's violations at a rate of compensation not less than the higher of the average regular rate received by each employee during the last 3 years of the employee's employment, or the final regular rate received by such employee, up to a maximum of 60 days.

41. Plaintiff and the Class are also entitled to all benefits under any employee benefit plan described in 29 U.S.C. § 1002(3), including the cost of medical expenses incurred during the employment loss which would have been covered under an employee benefit plan if the employment loss had not occurred, up to a maximum of 60 days.

42. Defendant is also liable to Plaintiff for reasonable attorneys' fees under 29 U.S.C. § 2104(a)(6).

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, individually and on behalf of members of the Class, request the following relief:

1. For an order certifying this action as a class action under Federal Rule of Civil Procedure 23;

2. For an order determining that Defendant violated the WARN Act;

3. For an award of damages for unpaid compensation and owed Plaintiff

and Class members pursuant to the WARN Act;

5. For reasonable attorney's fees and costs pursuant to 29 U.S.C. § 2104(a)(6) and/or other applicable law; and

6. For such other and further relief, in law or equity, as this Court may deem appropriate and just.

## DEMAND FOR JURY TRIAL

Plaintiff hereby requests trial by jury of all issues triable by jury pursuant to Federal Rule of Civil Procedure 38.

Dated: April 12, 2017

Respectfully submitted,

/s/ Jean Sutton Martin
Jean Sutton Martin
North Carolina Bar Number 25703
LAW OFFICE OF JEAN SUTTON MARTIN PLLC
2018 Eastwood Road Suite 225
Wilmington, NC 28403
Telephone: (910) 292-6676
Facsimile: (888) 316-3489
Email: jean@jsmlawoffice.com

Joseph G. Sauder*
Matthew D. Schelkopf*
**MCCUNE WRIGHT AREVALO LLP**
555 Lancaster Avenue
Berwyn, Pennsylvania 19312
Telephone: (610) 200-0580
jgs@mccunewright.com
mds@mccunewright.com
* Admission application forthcoming

*Attorneys for Plaintiff and the Class*