**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA**

```
JOHN DOE, individually and    )
on behalf of all others       )
similarly situated,           )
                              )
            Plaintiff,        )
                              )
     v.                       )      1:17cv346
                              )
NORTH STATE AVIATION, LLC,    )
                              )
            Defendant.        )
```

**MEMORANDUM OPINION AND ORDER**

This matter comes before the Court on "Plaintiff's Motion to Proceed Under Fictitious Name." (Docket Entry 3 (the "Motion").) For the following reasons, the Court will deny the Motion.

**BACKGROUND**

This action involves alleged violations of the Worker Adjustment and Retraining Notification ("WARN") Act, 29 U.S.C. § 2101 et seq., arising out of Plaintiff's recent termination from Defendant's employment. (See, e.g., Docket Entry 1, ¶ 1.) The Motion asserts that "Plaintiff is actively seeking reemployment in the niche aviation market," and requests an order barring public disclosure of Plaintiff's identity due to "fears" that such disclosure "will adversely impact his ability to find a replacement job and provide for his family." (Docket Entry 3 at 1-2; see also id. at 3 ("Plaintiff's need to preserve his privacy is crucial to his ability to find new employment. . . . This case will likely

attract significant media attention – as Defendant's decision to lay off its employees did – and disclosure of Plaintiff's name will adversely impact his ability to find employment in a niche field in a tightknit community like Winston-Salem." (internal footnote omitted)).)[1]

**DISCUSSION**

Rule 10 of the Federal Rules of Civil Procedure (the "Rules") provides that "[t]he title of the complaint must name all the parties." Fed. R. Civ. P. 10(a). "The . . . intention of [Rule 10] is to apprise the parties of their opponents and to protect the public's legitimate interest in knowing all the facts and events surrounding court proceedings. Generally, lawsuits are public events and the public has a legitimate interest in knowing the pertinent facts. Among the pertinent facts is the identity of the parties." Free Mkt. Comp. v. Commodity Exch., Inc., 98 F.R.D. 311, 312 (S.D.N.Y. 1983); see also Doe v. Rostker, 89 F.R.D. 158, 162 (N.D. Cal. 1981) ("It is axiomatic that lawsuits are public events and that the public has a legitimate interest in knowing the facts involved, including the identities of the parties.").

Under certain special circumstances, however, the Court may authorize a plaintiff to proceed under a fictitious name. Free

---

[1] "Plaintiff has no objection to providing his name to Defendant provided the Court enters a protective order barring the dissemination of his name and requiring any documents containing Plaintiff's true name be filed under seal." (Docket Entry 3 at 2.)

Mkt. Comp., 98 F.R.D. at 312. "Pseudonymous litigation is for the unusual or critical case, and it is the litigant seeking to proceed under pseudonym that bears the burden to demonstrate a legitimate basis for proceeding in that manner." Qualls v. Rumsfeld, 228 F.R.D. 8, 13 (D.D.C. 2005). "[F]ederal courts operate openly by default" and a "defendant facing a pseudonymous plaintiff need not come forward with reasons why this default procedure should be followed." Id.

"The decision whether to allow the use of fictitious names based on a need for anonymity in a particular lawsuit is left to the discretion of the trial court." Doe v. Hallock, 119 F.R.D. 640, 642 (S.D. Miss. 1987). "The decision requires a balancing of considerations calling for maintenance of a party's privacy against the customary and constitutionally-embedded presumption of openness in judicial proceedings." Doe v. Stegall, 653 F.2d 180, 186 (5th Cir. 1981). The United States Court of Appeals for the Fourth Circuit has recognized certain factors as relevant to anonymity requests:

> whether the justification asserted by the requesting party is merely to avoid the annoyance and criticism that may attend any litigation or is to preserve privacy in a matter of sensitive and highly personal nature; whether identification poses a risk of retaliatory physical or mental harm to the requesting party or even more critically, to innocent non-parties; the ages of the persons whose privacy interests are sought to be protected; whether the action is against a governmental or private party; and, relatedly, the risk of unfairness

> to the opposing party from allowing an action against it
> to proceed anonymously.

James v. Jacobson, 6 F.3d 233, 238 (4th Cir. 1993) (the "James Factors").

In this case, the Motion addresses only two of the James Factors. First, Plaintiff contends that "[he] has a legitimate fear that public disclosure could adversely impact his ability to find replacement employment," and thus, that the Motion "is not merely seeking to avoid the 'annoyance and criticism that may attend any litigation.'" (Docket Entry 3 at 3 (quoting James, 6 F.3d at 238).) Notably, however, Plaintiff has not shown that disclosing his identity would require him to reveal information of a sensitive and highly personal nature. (See id. at 1-4.) Moreover, fear of negative treatment from "prospective future employers" does not justify allowing a plaintiff to proceed anonymously. See Southern Methodist Univ. Ass'n of Women Law Students v. Wynne & Jaffe, 599 F.2d 707, 713 (5th Cir. 1979) (rejecting argument that disclosure of certain plaintiffs' "identities will leave them vulnerable to retaliation" from current and future employers and an organized local bar because those plaintiffs "face no greater threat of retaliation than the typical plaintiff alleging Title VII violations, including the other women who, under their real names and not anonymously, have filed sex discrimination suits against large law firms"); see also id. at

-4-

712-13 (emphasizing that courts allowing plaintiffs to proceed anonymously due to disclosure of personal information all involved "information of the utmost intimacy," such as "birth control, abortion, homosexuality, or the welfare rights of illegitimate children or abandoned families," and that, in many of those cases, the plaintiffs "also had to admit that they either had violated state laws or government regulations or wished to engage in prohibited conduct" (internal footnotes omitted)); Free Mkt. Comp., 98 F.R.D. at 312-13 (denying anonymity request where the plaintiff argued that disclosing his identity would "cause him to 'lose his job and suffer extreme economic and social harm as well as embarrassment and humiliation in his professional and social community'" because those concerns do not "implicate a recognized privacy interest involving 'matters of a sensitive and highly personal nature'" and the plaintiff's "desire to avoid professional embarrassment and economic loss is insufficient to permit him to appear without disclosing his identity").

Second, Plaintiff contends that "there are no risks of unfairness if [he] proceeds under a fictitious name because this case pertains solely to whether Defendant's conduct violates the WARN Act," and that his individual actions "simply have no bearing on that determination as Defendant's conduct was uniformly directed to all 345 employees affected by its layoff." (Docket Entry 3 at 3-4.) Plaintiff's contention in this regard overlooks that

"[b]asic fairness dictates" the disclosure of a plaintiff's identity when he accuses a defendant "of serious violations of federal law." Wynne & Jaffe, 599 F.2d at 713 (highlighting the fact that "the mere filing of a civil action against . . . private parties may cause damage to their good names and reputation and may also result in economic harm," and that therefore, fairness generally requires disclosure of the accusers' names); see also Qualls, 228 F.R.D. at 13 ("[W]hen courts require litigants to use real names, they encourage suits by the most zealous, passionate, and sincere litigants, those who are willing to place their personal and public stamp of approval upon their causes of action. While a few valid causes of action, by plaintiffs' own choices and calculations, may stay out of court, but [sic] so will many more frivolous and less heartfelt causes, which is in the interest of both the public and the courts."). In any event, given that this action does not involve Plaintiff's (or any other class member's) individual conduct, Plaintiff's pursuit of this case provides little, if any, reason for potential future employers to treat him negatively. That finding further undermines Plaintiff's request for anonymity.

With respect to the remaining James Factors, Plaintiff does not contend that revealing his identification will pose a risk of retaliatory physical or mental harm to himself or to innocent non-parties. (See Docket Entry 3 at 1-4.) Likewise, Plaintiff

-6-

neither asserts that his age favors anonymity (see id.), nor proceeds against a governmental party (see Docket Entry 1, ¶ 5 (describing Defendant as private limited liability company)). The absence of such considerations weighs against Plaintiff's request for anonymity. See generally Doe v. Alger, 317 F.R.D. 37, 40-41 (W.D. Va. 2016) (deeming retaliatory harm factor as favoring the plaintiff where case involved sexual misconduct allegations that could spark reprisal and could reveal information about non-party and concluding that age factor favored anonymity where the plaintiff was young); Doe v. Pittsylvania Cty., Va., 844 F. Supp. 2d 724, 730 (W.D. Va. 2012) (observing that courts are generally "less likely to grant a plaintiff permission to proceed anonymously when the plaintiff sues a private individual than when the action is against a governmental entity" because, unlike private parties, the government incurs no harm to its reputation or risk of economic loss when sued (internal quotation marks omitted)).

## CONCLUSION

On balance, Plaintiff has not shown that the James Factors warrant sealing his identity from the public record in this case.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion to Proceed Under Fictitious Name (Docket Entry 3) is **DENIED**.

**IT IS FURTHER ORDERED** that on or before May 30, 2017, Plaintiff shall file an amended complaint complying with Rule 10 of

the Federal Rules of Civil Procedure.  Failure by Plaintiff to comply with this Order will result in the dismissal of this case without prejudice.

                                        /s/ L. Patrick Auld
                                      **L. Patrick Auld**
                              **United States Magistrate Judge**

May 9, 2017