IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

TROY MCCOY, individually and on behalf of all others similarly situated,

    Plaintiff,

v.

NORTH STATE AVIATION, LLC, and NSA HOLDINGS, INC. (f/k/a NSA HOLDINGS, LLC),

    Defendants.

1:17-CV-346

## ORDER GRANTING FINAL APPROVAL TO CLASS ACTION SETTLEMENT

**WHEREAS**, this matter is before the Court pursuant to the Plaintiffs' Motion for an Order Granting Final Approval of Class Action Settlement;

**WHEREAS**, the Court finds it has jurisdiction of this Action;

**WHEREAS**, on February 14, 2018, this Court granted the Plaintiffs' motion for preliminary approval of the class action settlement;

**WHEREAS**, the non-opt out Class conditionally certified in the Court's Preliminary Approval Order has been appropriately certified for settlement purposes only;

**WHEREAS**, the Court held a hearing on June 13, 2018, to consider the fairness, reasonableness, and adequacy of the Settlement Agreement;

**WHEREAS**, the Court has been advised that there are no objections to the settlement;

**WHEREAS**, the Court has considered the Motion, Settlement Agreement, and exhibits; and

**WHEREAS**, the Court is otherwise fully advised of the terms of the Settlement Agreement and has considered the record of these proceedings, the representations, arguments, and recommendations of counsel for the Parties, and the requirements of the law.

**IT IS HEREBY ORDERED AS FOLLOWS**:

1. All terms and definitions used herein have the same meanings as set forth in the Agreement.

2. The terms of the Settlement Agreement are approved. The settlement is in all respects fair, reasonable, adequate, and proper, and in the best interest of the Class. In reaching this conclusion, the Court has considered a number of factors, including (1) the posture of the case at the time settlement was proposed, (2) the extent of discovery that had been conducted, (3) the circumstances surrounding the negotiations, (4) the experience of counsel in the type of case at issue, (5) the relative strength of the Plaintiffs' case on the merits, (6) the existence of any difficulties of proof or strong defenses the Plaintiffs are likely to encounter if the case goes to trial, (7) the anticipated duration and expense of additional litigation, (8) the solvency of the Defendants and the likelihood of recovery on a litigated judgment, and (9) the degree of opposition to the

settlement. The proposed settlement was entered into by experienced counsel and only after extensive arm's length negotiations. The proposed settlement is not the result of collusion. It was entered into in good faith, is reasonable, fair, and adequate, and is in the best interest of the Class. Class Counsel and the Plaintiff have fairly and adequately represented the Class.

## Class Certification

3. Consistent with its Preliminary Approval Order, Doc. 40, the Court hereby grants certification of the following non-opt out Class for purposes of final approval:

> All persons employed by North State Aviation, LLC, NSA Holdings, Inc. and/or NS Aviation, LLC who worked at or reported to NSAI's Facility or were on an authorized leave as of March 22, 2017, and who were terminated without cause beginning on or about March 23, 2017, in anticipation of or as the reasonably foreseeable consequence of the mass layoffs or plant closing ordered by NSAI on or about March 22, 2017, and who were affected employees, within the meaning of 29 U.S.C. § 2101(a)(5).

4. For purposes of settlement only, the Court finds that the Class meets the Rule 23 Requirements. *See* Fed. R. Civ. P. 23. Joinder of all Class Members in a single proceeding would be impracticable, if not impossible, because of their numbers and dispersion. Common issues exist among the Class Members' claims as to whether the

Defendants provided the 60-day advance notification required under the Worker Adjustment and Retraining Notification Act. 29 U.S.C. § 2101 *et seq*. The Class Representative's claims are typical of those of the Class, in that: (i) the interest of the Plaintiff's claims are typical of those of the Class; (ii) there are no apparent conflicts between or among the named Plaintiff and the members of the Class; (iii) the Plaintiff has been and is capable of continuing to be an active participant both in the prosecution of, and the negotiations to settle, the Action; and (iv) the Plaintiff and the Class are represented by qualified, reputable counsel who are experienced in preparing and prosecuting class actions, including those involving notice requirements under the WARN Act. The Court also finds that, given concerns about the Defendants' financial solvency, prosecuting separate actions by or against individual class members would create a risk of adjudications with respect to individual class members that, as a practical matter, would be dispositive of the interests of the other members not parties to the individual adjudications or would substantially impair or impede their ability to protect their interests. Thus, non-opt out certification under Rule 23(b)(1)(B) is proper. Fed. R. Civ. P. 23(b)(1)(B).

Notice to Potential Class Members

5. The Court finds that the Notice (i) satisfied the requirements of Rule 23(c)(3) and due process; (ii) was the best practicable notice under the circumstances; (iii) reasonably apprised Class Members of the pendency of the action and their right to object to the proposed settlement; and (iv) was reasonable and constituted due, adequate,

4

Case 1:17-cv-00346-CCE-LPA   Document 52   Filed 06/15/18   Page 4 of 6

and sufficient notice to all those entitled to receive notice. Additionally, the Class Notice adequately informed Class Members of their rights in the Action. *See* Fed. R. Civ. P. 23(c)(2).

## Attorneys' Fees and Service Award

6. The Court has considered the Plaintiffs' request for attorneys' fees and costs and finds the request to be fair and reasonable. For the reasons stated on the record and in a separate order granting the Plaintiffs' motion for attorneys' fees and costs, the Court will award attorneys' fees in the amount of $375,000 and costs in the amount of $33,730.28. The Court will also award $2,500 to the Plaintiff, Troy McCoy, to compensate him for the time and effort he undertook as a representative of the Class.

## Dismissal With Prejudice

7. The Court hereby enters a judgment of dismissal, under Federal Rule of Civil Procedure 54(b), of the claims by the Class Members, with prejudice and without costs, except as specified in this order, and except as provided in the Court's order related to the Plaintiff's motion for attorneys' fees, expenses, and incentive award.

## Release

8. Pursuant to the Settlement Agreement, the Plaintiff and Class Members forever release, discharge, and covenant not to sue the Released Persons regarding any of the Released Claims. With respect to all Released Claims, the Plaintiff and the Class Members expressly waive and relinquish the Released Claims to the fullest extent permitted by law. These releases apply even if the Plaintiff or Class Members

subsequently discover facts in addition to or different from those which they now know or believe to be true.

## Objections

9. Opportunity was given to class members to object to the settlement and to the attorneys' fee request. There were no objections to the settlement.

## Continuing Jurisdiction

10. Without any way affecting the finality of this Order, the Court retains jurisdiction over the Parties, including all Class Members, to construe and enforce the settlement for the mutual benefit of the Parties. The Court retains jurisdiction to enter any orders necessary or appropriate in implementing the Settlement Agreement, including but not limited to orders enjoining Class Members from prosecuting Released Claims. Consistent with the Settlement Agreement, it is further ordered that Class Members are permanently barred from initiating, asserting, or prosecuting any Released Claims against any of the Released Persons in any federal or state court in the United States or any other tribunal.

**IT IS SO ORDERED.**

This the 15th day of June, 2018.

_____
UNITED STATES DISTRICT JUDGE